NOT DESIGNATED FOR PUBLICATION

No. 126,541

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

QUINTON CEAIR THOMAS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Submitted without oral argument. Opinion filed October 11, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM: Quinton Ceair Thomas appeals the district court's denial of his K.S.A. 60-1507 motion following an evidentiary hearing. Thomas' only claim at the evidentiary hearing was that his trial counsel was ineffective for failing to investigate and call a purported alibi witness at Thomas' jury trial. After conducting the evidentiary hearing and assessing the credibility of the witnesses, the district court found that Thomas failed to show that his trial counsel's performance was deficient and also failed to show any prejudice. Because the district court's findings are supported by substantial competent evidence, we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, a jury convicted Thomas of three counts of aggravated robbery, one count of aggravated burglary, one count of aggravated battery, and one count of aggravated endangering a child. The charges stemmed from three incidents that occurred in November 2010—one involved a residential break-in, where a woman was robbed at gunpoint, a 16-month-old child was injured, and a man was shot; the other two instances involved armed robberies at two separate Advance America businesses. After he was sentenced to 423 months' imprisonment, Thomas filed a direct appeal, and this court affirmed his convictions and sentence. *State v. Thomas*, No. 110,571, 2015 WL 569371 (Kan. App. 2015) (unpublished opinion).

In March 2018, Thomas filed his K.S.A. 60-1507 motion, raising many claims including that he was denied effective assistance of trial counsel. Thomas alleged that his trial counsel failed to investigate a potential alibi witness for the residential break-in charges. The district court denied the motion without conducting an evidentiary hearing. Thomas appealed and this court affirmed the district court's decision in part, but remanded for an evidentiary hearing solely on Thomas' claim that he received ineffective assistance of trial counsel. *Thomas v. State*, No. 123,912, 2022 WL 1509719 (Kan. App. 2022) (unpublished opinion). This court explained that the record did not conclusively show that Thomas would be unable to demonstrate a reasonable probability the jury would have reached a different result had his attorney presented evidence of an alibi witness. 2022 WL 1509719, at *3-4.

On remand, the district court held a full evidentiary hearing on the ineffective assistance of counsel claim. The same judge who presided over Thomas' trial presided over the hearing. Thomas, the potential alibi witness, Aneshea Carter, who is Thomas' cousin, and Thomas' trial attorney, M. Stephen Wagle, all testified at the hearing.

2

Thomas testified that Wagle began representing him after his preliminary hearing and met with him about four times in the Sedgwick County jail over about 14 months before the trial. He claimed that Wagle only briefly discussed the case with him during these short meetings, and that Wagle appeared more focused on another case. According to Thomas, he was living at Aneshea's mother's house while he was on parole in another case and Aneshea would testify that he was there when the residential break-in occurred. Thomas claimed that he gave this information to Wagle before the trial, but Wagle did not try to talk to Aneshea or investigate the matter. According to Thomas, Aneshea told him that she tried to contact Wagle, but he never called her back. Thomas also asserted that he reminded Wagle of his alibi on the morning of his trial and told the court that he did not feel comfortable with Wagle's representation. But on cross-examination, the State confronted Thomas with the transcript of the trial, in which he stated that he was ready to proceed and made no comments about Wagle's alleged deficient representation.

Aneshea's testimony was brief, covering four pages of the hearing transcript. She confirmed that Thomas was living with her and her mother in November 2010. But she did not offer any testimony as to Thomas' whereabouts on the night of the break-in.

The State then called Wagle to the stand. Upon reviewing his case file, Wagle testified that he and Thomas met eight times to prepare for trial, and Thomas never brought up the possibility of pursuing an alibi defense. Wagle testified that Thomas did not ask about subpoenaing Aneshea until the first day of trial, and even then Thomas did not describe Aneshea as an alibi witness. Wagle recalled that he tried to contact Aneshea when Thomas told him about her, but she hung up on him. That same day, Wagle sent Thomas a letter in which he documented his attempt to talk to Aneshea. This letter was admitted as an exhibit at the hearing. Wagle testified that had he known Aneshea was a potential alibi witness, he would have filed a notice of alibi, a motion to have that notice heard out of time, and then would have requested a continuance to investigate the matter further. Although Thomas did not alert him to the possibility of an alibi defense, Wagle's

3

defense strategy was to argue that the break-in was the result of a drug deal gone wrong and to highlight the lack of any DNA evidence tying Thomas to the crime scene.

After hearing the evidence and arguments of counsel, the district court took the matter under advisement and later filed a 20-page order denying Thomas' motion. In its order, the district court explained that the sole issue it was considering—per this court's remand—was Thomas' claim "that he told his attorney about an alibi for the November 4, 2010 incident and that his attorney was ineffective for allegedly failing to investigate the alibi claim to a degree that [he] has been prejudiced." The district court credited Wagle's account that Thomas had not told him about Aneshea until the first day of trial, noting Wagle's letter to Thomas that documented the disclosure on that day. Next, the district court found that even assuming Wagle could have secured Aneshea's testimony, it would not have assisted Thomas' defense because Aneshea did not testify that Thomas was at home on the night of the residential break-in. The district court discussed some of the evidence at trial identifying Thomas as a participant in the break-in, including Thomas' identifying features, such as his face tattoo and gold tooth. The district court concluded that Thomas could not show that Wagle was deficient in his representation, and that even if his failure to call Aneshea was deficient, that omission had not prejudiced Thomas' case. Thomas timely appealed the district court's judgment.

ANALYSIS

Thomas claims the district court erred in denying his K.S.A. 60-1507 motion because the evidence he presented showed that Wagle made no attempt to contact his alibi witness, Aneshea, and that the failure to call her as a witness cannot be excused as trial strategy. The State points out that Thomas' claim relies solely on the evidence he presented and ignores the conflicting evidence presented at the hearing. The State asserts that the district court's factual findings are supported by substantial competent evidence and those findings support its legal conclusion that Thomas is entitled to no relief.

4

When, as here, the movant received an evidentiary hearing on their K.S.A. 60-1507 motion, this court reviews the district court's ruling to determine whether its factual findings are supported by substantial competent evidence and whether those findings support its legal conclusions. *State v. Evans*, 315 Kan. 211, 218, 506 P.3d 260 (2022). Substantial evidence is legal and relevant evidence that a reasonable person might view as sufficient to support a conclusion, and, in reviewing for such evidence, this court cannot weigh conflicting evidence, evaluate the credibility of witnesses, or otherwise redetermine questions of fact. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

Claims of ineffective assistance of defense counsel are analyzed under the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by the Kansas Supreme Court in *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985). Under the first prong, the defendant must show their counsel's performance was deficient. If it was, this court moves to the second prong and determines whether there is a reasonable probability that, absent their counsel's deficiencies, the result would have been different. *Evans*, 315 Kan. at 218.

To establish deficient performance, Thomas must show that his defense counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential. A fair assessment of counsel's performance requires that every effort be made to "'eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" 315 Kan. at 218. A court considering a claim of ineffective assistance of counsel must strongly presume that defense counsel's conduct fell "'within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, [counsel's] action "might be considered sound trial strategy."'" *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021).

5

Under the second prong, Thomas must show with reasonable probability that his defense counsel's deficient performance caused him prejudice—that is, defense counsel's conduct affected the outcome of the proceedings. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Evans*, 315 Kan. at 218. A court presented with an ineffective assistance of counsel claim must consider the totality of the evidence before the judge or jury. *Khalil-Alsalaami*, 313 Kan. at 486.

The Kansas Supreme Court has long held that "strategic and tactical decisions," including the decision of which witnesses to call, are within the "exclusive province of [defense counsel] after consultation with [their] client." *Winter v. State*, 210 Kan. 597, Syl. ¶ 2, 502 P.2d 733 (1972). When trial counsel makes strategic decisions after making a thorough investigation, those decisions are "'virtually unchallengeable.'" *Fuller v. State*, 303 Kan. 478, 488, 363 P.3d 373 (2015). If a defendant claims to have an alibi, trial counsel's failure to investigate, contact witnesses, or provide notice of alibi witnesses constitutes deficient performance—put simply, counsel cannot simply disregard pursuing this line of investigation and call it trial strategy. See, e.g., *Shumway v. State*, 48 Kan. App. 2d 490, 497-500, 293 P.3d 772 (2013).

Thomas contends that the evidence revealed that Wagle spent little time communicating about defense strategy or preparing for trial, and he argues that Wagle's failure to investigate, pursue, or present his alibi defense constituted deficient performance. But Thomas' argument relies almost solely on his own testimony at the evidentiary hearing. Wagle and Thomas provided drastically different accounts about the trial preparation and about whether Thomas discussed an alibi defense with Wagle. At no point does Thomas acknowledge that the district court explicitly credited Wagle's account in its order. Thomas asks this court to reweigh the evidence presented and reassess the credibility of the witnesses, but this is not the function of an appellate court. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018).

6

According to Wagle, Thomas never told him about pursuing an alibi defense and never mentioned Aneshea as a witness until the first day of trial. Thomas testified that he told Wagle that Aneshea could testify he was at their home on the night of the residential break-in but Wagle simply failed to investigate the matter. After examining both accounts, the district court found Wagle's testimony more credible. The court noted that Thomas had several attorneys before Wagle, and he did not tell any of them about a potential alibi witness either. The district court also found that Wagle tried to contact Aneshea when he learned about her, but she hung up when he called. The district court credited Wagle's account and observed that he had memorialized his efforts to contact Aneshea in a letter to Thomas. These findings support the district court's legal conclusion that Thomas failed to show that Wagle was deficient in his representation.

Although we could end our analysis here, the district court also found that even if Wagle could have secured Aneshea's testimony, it would not have assisted Thomas' defense because Aneshea did not testify that Thomas was at home on the night of the residential break-in. As a result, Wagle testified that he did not see any merit in calling Aneshea as a witness. Because the record does not show that Aneshea's testimony provided any support for Thomas' alleged alibi defense, it cannot be said that Thomas was prejudiced in any way by Wagle's failure to present her testimony.

In sum, the record supports the district court's findings of fact and its conclusion of law that Thomas was entitled to no relief on his ineffective assistance of counsel claim. Thomas failed to establish deficient performance or prejudice. We do not reweigh the evidence presented at the hearing or reassess the credibility of the witnesses. *Johnson*, 307 Kan. at 443. As a result, there is no basis to disturb the district court's judgment denying Thomas' K.S.A. 60-1507 motion.

Affirmed.